W. B. Flesh & Bros., Demandantes y Apelados, *v.* González, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2245.—Resuelto· en junio 28, 1920.

Obligaciones Puras y a Plazo—Obligación Condicional.—Un pagaré suscrito por el deudor comprometiéndose a pagar al acreedor $500 el día último de diciembre de 1918 y el cual, copiado en lo pertinente, dice: '' · * * * Entendiéndose esta obligación como transacción de la deuda antes citada y que, como es natural, cancela la expresada obligación la cual devolverán dichos señores lo antes posible * * *,'' no es una obligación condicional sino pura y a plazo y no dependía su cumplimiento por parte del deudor del hecho de que el acreedor le entregara el pagaré en que constaba la obligación objeto de la transacción, sino de que llegara el día del vencimiento.

Sentencia en Rebeldía—Mora—Intereses Legales.—Alegándose en una demanda sobre cobro de dinero que al vencimiento de la obligación fué requerido de pago el deudor sin que satisficiera su importe ni parte alguna del mismo, no es errónea una sentencia dictada en rebeldía condenando al deudor al pago de intereses legales reclamados desde que venció la obligación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. P. González García.*

Abogado de los apelados: *Sr. V. M. Fernández.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

William B. Flesh & Bros presentaron demanda en la Corte de Distrito de San Juan, Sección Primera, el día 14 de mayo de 1919 contra Julio Cesar González reclamándole el pago de la cantidad de $500 que se comprometió a satisfacerles el día último de diciembre de 1918. En la demanda se alega que al vencimiento de la obligación fué requerido de pago el deudor sin que satisficiera su importe ni parte alguna de él. En ella se inserta el documento en que consta la obligación y que dice así:

''Por $500.00 m/c.—Pagaré a la orden. de los Sres. William B. Flesh and Brother el día último del mes de diciembre del corriente año, sin interés alguno, la cantidad de quinientos dollars que soy en deberle, procedente de la transacción que he hecho con dichos señores por la expresada suma del contrato sobre obligación por la suma de mil ochenta y cuatro dollars más o menos, suscrita por mi

hermano don Alberto E. González y la expresada sociedad, y suscrita por mi como fiador. Entendiéndose esta obligación como transacción de la deuda antes citada y que, como es natural, cancela la expresada obligación, la cual devolverán dichos señores lo antes posible. Me someto a la competencia de los tribunales insulares de esta ciudad y me obligo a satisfacer los gastos y costas que el cobro de dicha suma origine, incluso los honorarios del abogado de que la citada sociedad se valga en su reclamación.—San Juan, P. R., junio 5 de 1918.—(Firmado), Julio Cesar González.—Rubricada— Reg. al No. 388.—Suscrita por mí, digo, ante mí por don Julio Cesar González, mayor de edad, Notario Público y vecino de esta ciudad, a quien doy fé conocer, hoy cinco de junio de mil novecientos diez y ocho.—(Firmado) Eduardo López Tizol.—Hay un sello que dice: Eduardo López Tizol, Abogado Notario, Puerto Rico.''

Registrada por el secretario sentencia condenatoria en rebeldía del demandado por la que se le condena a pagar la cantidad de $500, intereses de esa suma desde el primero de enero de 1919 hasta el completo pago y las costas, apeló de ella el demandado quien en apoyo de su recurso ante nosotros sostiene que siendo condicional su obligación no era exigible sin que antes se le entregara el documento que por ella quedó cancelado y, además, que no está obligado a pagar intereses desde el primero de enero de 1919.

Para resolver la primera cuestión propuesta basta examinar el documento en que consta la obligación del demandado según el cual el apelante se comprometió a pagar el día último de diciembre de 1918 al apelado la cantidad de $500 como transacción de otra obligación que por mayor cantidad había suscrito como fiador a favor del apelado, obligación ésta que quedaba cancelada y que le sería devuelta por el acreedor ''lo antes posible.'' De los términos en que está redactado el documento resulta que la obligación que contrajo el apelante fué pura y a plazo pues no dependía su cumplimiento del hecho de que su acreedor le devolviese el pagaré en que constaba la, obligación que se transaba sino solamente de que llegase el día último de diciembre de 1918. El hecho de que debiera ser devuelta aquella obligación ''lo

antes posible," sin especificarse que debiera ser entregada antes de la fecha fijada para el vencimiento de la deuda, no puede estimarse como una condición suspensiva de la obligación que debiera ser cumplida antes de que la deuda pudiera ser reclamada.

En cuanto a la condena por los intereses legales reclamados desde que venció la obligación, encontramos que también la sentencia apelada está ajustada a la ley, pues según el artículo 1067 del Código Civil incurren en mora los obligados a entregar o a hacer una cosa desde que el acreedor les exija judicial o extrajudicialmente el cumplimiento de su obligación; y en este caso la demanda alega que al vencimiento de la obligación fué requerido de pago el demandado; mora que de acuerdo con el artículo 1075 del mismo código consistirá, a falta de convenio, en el pago de los intereses legales cuando la obligación consistiere en el pago de una cantidad de dinero.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.